IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL S. OWL FEATHER-GORBEY, | Civil No. 3:20-cv-1364 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN, USP-LEWISBURG, | |
| Respondent | |

FILED
SCRANTON

JUN 17 2021

PER _____
DEPUTY CLERK

**MEMORANDUM**

I.  **Background**

Petitioner Michael S. Owl Feather-Gorbey ("Gorbey"), an inmate confined at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"), initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Presently pending before the Court is Gorbey's omnibus motion seeking: (1) recusal of the undersigned; (2) reconsideration of the Court Order dismissing as moot his motion for an order directing the prison to provide his Prisoner Trust Fund Account Statement; (3) and, correction of his inmate number as listed on the docket. (Doc. 12). For the reasons set forth below, the motion will be granted in part and denied in part.

## II. Discussion

### A. Request for Recusal

In his request for recusal, Gorbey contends that the undersigned has improperly dismissed his previous lawsuits, is not impartial and is biased against him, and he implies that the undersigned is conspiring with government attorneys. (Doc. 13, pp. 1, 3-5).

Recusal of federal judges is governed by 28 U.S.C. § 455, which provides, in pertinent part, as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party . . . .

*Id.* In accordance with this language, the Court must consider whether its rulings and statements objectively produce the appearance of bias against Gorbey. The United States Supreme Court has explained that these provisions "requir[e] . . . 'bias and prejudice' . . . to be evaluated on an *objective* basis, so that what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994) (emphasis in original). This objective standard requires recusal when a "reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." *Edelstein v. Wilentz*, 812 F.2d 128, 131 (3d Cir. 1987) (citation omitted). If the record presents a close

question, the court must resolve the issue in favor of disqualification. *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995).

The United States Court of Appeals for the Third Circuit has consistently observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) (citations omitted).

With these principles in mind, the Court finds that Gorbey's allegations fall far short of the standard necessary to justify recusal. The undersigned has no bias against Gorbey, nor is there any evidence or other basis to support a claim of appearance of bias. In his motion, Gorbey merely expresses his dissatisfaction with prior rulings made by this Court. It is clear that there must be some source of extrajudicial bias in order to justify granting a request for recusal. *See United States v. Liteky*, 973 F.2d 910, 910 (11th Cir. 1992) ("[M]atters arising out of the course of judicial proceedings are not a proper basis for recusal."); *United States v. Bertoli*, 40 F.3d 1384, 1412 (3d Cir. 1994) (same). Gorbey's motion focuses on judicial acts and this Court's rulings in prior cases to support his request for recusal. His dissatisfaction with legal rulings is not an adequate basis for recusal. *See Securacomm*, 224 F.3d at 278 ("[A]lleged bias stemming from facts gleaned from the judicial proceeding will rarely be grounds for recusal.").

Moreover, the Court observes that Gorbey has previously raised similar recusal motions, and that he has been repeatedly rebuffed by the courts, which have found that his

3

unsupported allegations of bias were frivolous and insufficient to warrant recusal. *See, e.g., Feather-Gorbey v. Crickard, et al.*, Civil Action No. 0:20-cv-1116, 2020 WL 6163414 (D.S.C. Oct. 20, 2020); *Gorbey v. Avery, et al.*, Civil Action No. 7:17-cv-192, 2018 WL 3130438 (W.D. Va. June 26, 2018); *Gorbey v. Obama, et al.*, Civil Action No. 7:16-cv-455, 2016 WL 7157989 (W.D. Va. Dec. 6, 2016). The Court will deny Gorbey's request for recusal.

B.   **Request for Reconsideration**

When Gorbey filed his habeas petition, he also filed a motion (Doc. 4) for a Court Order directing USP-Lewisburg to provide the Court with the necessary prisoner account information for purposes of his *in forma pauperis* motion. Because the Court received the proper forms from USP-Lewisburg, Gorbey's motion was dismissed as moot. (*See* Doc. 9). The Court finds no reason why it should reconsider its prior ruling, and the request for reconsideration will be denied.

C.   **Request for Correction of Inmate Number**

In his final claim for relief, Gorbey requests an Order directing the Clerk of Court to correct his BOP inmate number. (Doc. 13, pp. 7-8). The Court will grant this request and direct the Clerk of Court to correct the docket to reflect Gorbey's proper inmate number—33405-013.

## III. Conclusion

For the foregoing reasons, Gorbey's omnibus motion (Doc. 12) will be granted in part and denied in part. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: June 17th, 2021